IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY II, #K-81482, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00244-GPM |
| | ) |
| C/O HARRINGTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff (Doc. 2). Plaintiff, an inmate at Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Plaintiff also seeks leave to proceed IFP in four other lawsuits he recently filed in this Court.[1]

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the

---

[1] These cases are *Spivey v. Horner*, Case No. 13-cv-196 (S.D. Ill., filed Feb. 27, 2013), *Spivey II v. Nwaobasi, et al.*, Case No. 13-cv-245 (S.D. Ill., filed Mar. 13, 2013), *Spivey II v. Smith, et al.*, Case No. 13-cv-276 (S.D. Ill., filed Mar. 13, 2013), and *Spivey v. Hudson, et al.*, Case No. 13-cv-292 (S.D. Ill, filed Mar. 20, 2013).

appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's affidavit meets these basic requirements.

However, Plaintiff's IFP motion fails on its merits. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Spivey v. Walker, et al.*, Case No. 10-cv-727-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 7, 2011); *Spivey v. Davis, et al.*, Case No. 10-cv-893-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 10, 2011); and *Spivey v. Dean, et al.*, Case No. 10-cv-925-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 29, 2011). Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is in imminent danger of serious physical injury.

Plaintiff has not satisfied this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."  *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).  Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP."  *Id.* at 330 (citing *Abdul-Wadood*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's claims of imminent danger are conclusory.  In his IFP motion, Plaintiff states, without further explanation, "I am filing this [c]laim under [the] Imminent Danger Clause" (Doc. 2, p. 1).  In his complaint, Plaintiff indicates that he will be attacked by the Defendants in this lawsuit in retaliation for suing them (Doc. 1, p. 1).  Plaintiff provides no specific instances in which he was attacked by any of the Defendants.  He provides no indication that any Defendant has threatened, or even hinted, at an attack.  His lawsuit arises from claims that the Defendants discriminated against Plaintiff based on his religion, race, ethnicity, and sexual orientation and denied him the right to redress certain grievances.[2]  Plaintiff's assertion that he is in imminent danger is therefore conclusory.  Without more, the bald assertion does not support a finding by this Court that Plaintiff is under imminent danger of serious physical harm.  Accordingly, Plaintiff cannot proceed IFP in this case.

It does not escape the Court's attention that Plaintiff is a frequent litigator who has racked up substantial unpaid filing fees.  Plaintiff has filed twenty prisoner lawsuits in this Court since September 2010.[3]  Each time, he incurred a $350 filing fee.  Plaintiff has also filed one appeal,

---

[2] Plaintiff does not disclose the content of any grievances.  He generally alleges that the Defendants threw away numerous grievances filed by him.
[3] These cases include *Spivey v. McLafferty, et al.*, Case No. 10-cv-984 (S.D. Ill., filed Dec. 6, 2010), *Spivey v. Bradley, et al.*, Case No. 10-cv-1037 (S.D. Ill., filed Dec. 22, 2010), *Spivey v. Randle, et al.*,

incurring an additional $455 filing fee.[4] Plaintiff has failed to pay any of these fees. Plaintiff's unpaid filing fees with this Court currently total $7,455.

It also does not escape this Court's attention that Plaintiff filed a majority of these prisoner complaints *after* he accumulated three "strikes," which prevent him from filing future IFP actions unless he can establish that he "is under imminent danger of serious physical injury."[5] Time and again, Plaintiff has failed to meet this standard, offering conclusory and/or ridiculous arguments to support his frivolous claims of imminent danger. The Court will not tolerate this waste of judicial resources.

It is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this Court should not restrict Plaintiff from filing any further actions in this Court until such time as Plaintiff pays the $350 filing fee for this action and the outstanding $7,105 owed for his previously filed and/or other

---

Case No. 10-cv-688 (S.D. Ill., filed Sep. 7, 2010), *Spivey v. Peters, et al.*, Case No. 10-cv-689 (S.D. Ill., filed Sep. 8, 2010), *Spivey v. Walker, et al.*, Case No. 10-cv-727 (S.D. Ill., filed Sep. 21, 2010), *Spivey v. C/O Marchard, et al.*, Case No. 10-cv-816 (S.D. Ill., filed Oct. 18, 2010), *Spivey v. Davis, et al.*, Case No. 10-cv-893 (S.D. Ill., filed Nov. 8, 2010), *Spivey v. Dean, et al.*, Case No. 10-cv-925 (S.D. Ill., filed Nov. 16, 2010), *Spivey v. Furlow, et al.*, Case No. 11-cv-99 (S.D. Ill., filed Feb. 4, 2011), *Spivey v. Taylor*, Case No. 11-cv-326 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Love, et al.*, Case No. 11-cv-327 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Schwartzlander, et al.*, Case No. 11-cv-328 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Lt. Chapman, et al.*, Case No. 11-cv-329 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Fallert*, Case No. 11-cv-330 (S.D. Ill., filed Apr. 20, 2011), *Spivey II v. Hudson, et al.*, Case No. 12-cv-134 (S.D. Ill., filed Feb. 15, 2012), *Spivey v. Horner*, Case No. 13-cv-196 (S.D. Ill., filed Feb. 27, 2013), *Spivey II v. Harrington, et al.*, Case No. 13-cv-244 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Nwaobasi, et al.*, Case No. 13-cv-245 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Smith, et al.*, Case No. 13-cv-276 (S.D. Ill., filed Mar. 13, 2013), and *Spivey v. Hudson, et al.*, Case No. 13-cv-292 (S.D. Ill, filed Mar. 20, 2013).
[4] *See Spivey v. Furlow, et al.*, Case No. 12-2646 (7th Cir. 2012).
[5] Plaintiff filed eleven lawsuits in this Court after "striking out," including *Spivey v. Taylor*, Case No. 11-cv-326 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Love, et al.*, Case No. 11-cv-327 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Schwartzlander, et al.*, Case No. 11-cv-328 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Lt. Chapman, et al.*, Case No. 11-cv-329 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Fallert*, Case No. 11-cv-330 (S.D. Ill., filed Apr. 20, 2011), *Spivey II v. Hudson, et al.*, Case No. 12-cv-134 (S.D. Ill., filed Feb. 15, 2012), *Spivey v. Horner*, Case No. 13-cv-196 (S.D. Ill., filed Feb. 27, 2013), *Spivey II v. Harrington, et al.*, Case No. 13-cv-244 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Nwaobasi, et al.*, Case No. 13-cv-245 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Smith, et al.*, Case No. 13-cv-276 (S.D. Ill., filed Mar. 13, 2013), and *Spivey v. Hudson, et al.*, Case No. 13-cv-292 (S.D. Ill, filed Mar. 20, 2013).

pending actions in full. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Tender by Plaintiff of the full $7,455 in outstanding fees for these actions to the Clerk of the Court by May 17, 2013, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order. Further, unless full payment of Plaintiff's outstanding fees is received by this deadline, the instant case shall be **DISMISSED with prejudice**.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:** April 2, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge