IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM O. SPIVEY II, #K-81482, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00244-GPM |
| | ) | |
| C/O HARRINGTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On April 2, 2013, Plaintiff was ordered to pay the full filing fee of $350.00 for this action and the outstanding $7,105 owed for his previously filed and/or other pending actions in full no later than May 17, 2013 (Doc. 10). The deadline for payment has now passed. Plaintiff has made no payment toward the $350.00 filing fee he owes in this case or the $7,105 he owes in other cases he has filed. Plaintiff has also failed to respond to the Court's requirement that he show cause why the Court should not restrict him from filing any further actions in this Court while the fees remain unpaid.

Because Plaintiff has not paid the outstanding fees he owes the Court and has failed to show cause why the Court should not restrict him from filing future documents until his fees are paid in full, this Court finds it necessary to so restrict Plaintiff. Clearly, monetary sanctions are not enough to deter Plaintiff from filing future claims with this Court, as he has accumulated $7,455 in fees and has shown little to no effort to pay the debt. Thus, to simply add to that debt in an effort to cease Plaintiff's abuse of the Court is useless.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff is restricted from filing any new civil actions in this Court until such time as his outstanding filing fees of $7,455 have been

1

paid in full. This filing restriction does not extend to a notice of appeal from this Order, to the filing of any petition for a writ of habeas corpus, or to pleadings filed as a defendant in another criminal or civil case. Plaintiff may seek reconsideration of this Order by filing a motion in this Court *no earlier than* two years from the date of entry of this Order.

If Plaintiff wishes to appeal this order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

Should Plaintiff attempt to file any new action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this Order to Plaintiff unfiled.

This case is **DISMISSED with prejudice**. All pending motions are **DENIED** as moot. The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** June 19, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge